UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA,           )
                                    )
                  Plaintiff,        )
                                    )
v.                                  )           No. 3:25-CR-37-TAV-DCP
                                    )
JACK DAVID LEDFORD,                 )
                                    )
                  Defendant.        )

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Jack Ledford's Unopposed Motion to Continue Plea Deadline and Trial Date [Doc. 16], filed on December 12, 2025.

Defendant asks the Court to continue the plea deadline and the current trial date for approximately ninety days [*Id.* at 1]. In support of his motion, Defendant states that additional time is needed for the parties to conclude plea negotiations and, failing an agreed resolution, for defense counsel to prepare the case for trial [*Id.*]. Defense counsel states that he has explained the right to a speedy trial to Defendant, who is detained and who understands that all time between the filing of the motion until the new trial date will be excludable for speedy trial purposes [*Id.*]. Defendant's motion states that the Government does not oppose the continuance [*Id.*].

Based on the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). In consideration of these factors, the Court concludes that failing to grant a

continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, even accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). The parties are engaged in plea negotiations, and if negotiations are not fruitful, defense counsel needs time to prepare the case for trial. The Court finds this cannot occur before the January 13, 2026 trial date.

The Court therefore **GRANTS** Defendant Ledford's Unopposed Motion to Continue Plea Deadline and Trial Date [**Doc. 16**]. The trial of this case is reset to **April 14, 2026**, and a new schedule is included below. Because the Court finds that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all the time between the filing of the motion on December 12, 2025, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Jack Ledford's Unopposed Motion to Continue Plea Deadline and Trial Date [**Doc. 16**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **April 14, 2026, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **December 12, 2025**, and the new trial date of **April 14, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **March 15, 2026**;

(5) the deadline for filing motions *in limine* is **March 30, 2026**. Responses to motions *in limine* are due on or before **April 7, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **March 31, 2026, at 1:30 p.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **April 3, 2026.**

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge